**IN THE UNTED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| ALEXIANA SNYDER | : | |
| 12542 Knights Terrace | : | |
| Philadelphia, PA 19154 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.:_____ |
| | : | |
| v. | : | |
| | : | |
| MCMENAMIN FAMILY SHOPRITE, | : | |
| INC. _d/b/a_ SHOPRITE | : | **JURY TRIAL DEMANDED** |
| 9910 Frankford Avenue | : | |
| Philadelphia, PA 19114 | : | |
| and | : | |
| WAKEFERN FOOD CORPORATION | : | |
| 505 Division Street | : | |
| Elizabeth, NJ 07201 | : | |
| | : | |
| Defendants. | : | |

_____:

## CIVIL ACTION COMPLAINT

Alexiana Snyder (_hereinafter_ referred to as "Plaintiff," unless indicated otherwise) by and

through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by McMenamin Family

ShopRite, Inc. _d/b/a_ ShopRite and Wakefern Food Corporation (_hereinafter_ collectively referred

to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d

_et seq_.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the

Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance

("PFPO").[1]   As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII.  Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under Title VII.

## PARTIES

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual, with an address as set forth in the caption.

8.    McMenamin Family ShopRite, Inc. *d/b/a* ShopRite is a grocery store franchise located at the address set forth in the above-caption.  Plaintiff was hired through and worked at this address.

9.    Wakefern Food Corporation, upon information and belief, is the merchandising and distribution arm for ShopRite, as well as the largest retailer-owned cooperative in the United States comprised of 50 members (including McMenamin Family ShopRite, Inc.) who individually own and operate supermarkets under the ShopRite banner in New Jersey, New York, Connecticut, Pennsylvania, Delaware and Maryland. Wakefern Food Corporation is headquartered at the address as set forth in the above-caption.

10.    Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff is an 18-year-old Latina (Puerto Rican) female.

14.     Plaintiff was hired on or about February 15, 2020, by Defendants as a part-time seafood clerk for Defendants' 9910 Frankford Avenue, Philadelphia, PA ShopRite supermarket.

15.     Plaintiff was primarily supervised by Store Manager, Mike Tastillo (Caucasian) and HR Manager, Maria O'Malley (Caucasian).

16.     During her tenure with Defendants, Plaintiff was a hard-working employee who performed her job well.

17.     On or about February 29, 2020, Plaintiff was informed by Tastillo and O'Malley that because the seafood department was crowded, she would be placed in the "shop-at-home" department, bagging and sorting groceries for pick-up.

18.     On or about March 1, 2020, Plaintiff reported to the "shop-at-home" department, which consisted of all Caucasian employees, who immediately subjected Plaintiff to hostility and animosity because of her race and/or national origin.  For example, but not intended to be an exhaustive list:

      a.  Unlike Plaintiff's non-Latina/non-Puerto Rican co-workers, the Caucasian employees in "shop-at-home" treated Plaintiff in a condescending and derogatory manner and talked down to her;

      b.  One Caucasian co-worker immediately stated to Plaintiff, "why are you here to train, I don't fucking have time for this;"

      c.  All but one of the other Caucasian employees in "shop-at-home" refused to talk

to Plaintiff or train her, and Plaintiff ended up working by herself; and

d. At one point, the Caucasian employees were all laughing and looking at Plaintiff while texting on their phones, and when Plaintiff requested to use the phone of Caucasian employee, Jocelyn (last name unknown, *hereinafter* "Jocelyn") to take a screen shot of her work schedule, she saw that Jocelyn and Caucasian Manager, Destiny (last name unknown, *hereinafter* "Destiny") had texted racially discriminatory comments about Plaintiff.

19.    With regard to the aforesaid racially discriminatory texted comments, Jocelyn had texted Destiny that Plaintiff's name was Alexiana, to which Destiny replied "WTF, not white;" Jocelyn responded with "Spanish lol, And she's not that friendly;" Destiny then replied "Oh great another Desirae (the only other Latina employee in Plaintiff's department)."

20.    As a result of the aforesaid instances of race and/or national origin discrimination and disparate treatment Plaintiff had been subjected to by her Caucasian co-workers (*see* Paragraphs 18 and 19, *supra*), Plaintiff immediately reported the offensive behavior to Managers, Mike Semi (Caucasian, hereinafter "Semi") and Drew (Caucasian - last name unknown; hereinafter "Drew"), who advised Plaintiff to report it to HR in the morning.

21.    The following morning (March 2, 2020), Plaintiff reported the aforesaid instances of race and/or national origin discrimination to Tastillo and O'Malley, who merely directed Plaintiff to go back to the seafood department if she didn't feel comfortable in "shop-at-home." They also advised Plaintiff they would investigate her complaints.

22.    Despite the fact that just a few days later, Plaintiff was informed that Jocelyn had been suspended for a few days and that the union would discuss the issue with Destiny, Plaintiff began to be subjected to increased hostility, animosity, disparate and disparaging treatment from

several Caucasian and/or non-Latina/non-Puerto Rican employees in both the seafood and "shop-at-home" departments because of her complaints of race and/or national origin discrimination to Defendants' management.  By way of example, but not intended to be an exhaustive list:

    a.  Plaintiff was informed by a Caucasian employee that everyone in "shop-at-home" hates her;

    b.  A Caucasian seafood employee, Tyler (last name unknown, *hereinafter* "Tyler"), consistently yelled at Plaintiff and informed her that Destiny was not racist and that Plaintiff had "gotten her in trouble";

    c.  Plaintiff was consistently ignored by her Caucasian and/or non-Latina/non-Puerto Rican co-workers who would come to the seafood department to pick up orders and immediately walk away if she was working there; and

    d.  Several of the Caucasian "shop-at-home" employees attempted to contact Plaintiff outside of work on Facebook to, upon Plaintiff's information and belief, intimidate and harass her for reporting Jocelyn and Destiny's offensive conduct.

23.    Plaintiff continued to be subjected to hostility and animosity by her Caucasian and/or non-Latina/non-Puerto Rican workers, until she could no longer tolerate the discriminatory behavior – when, on or about March 12, 2020, Tyler screamed at and belittled Plaintiff in front of a customer.

24.    Following her aforesaid unacceptable interaction with Tyler (*see* Paragraph 23, *supra*), Plaintiff immediately took a break and tried to find Tastillo, so that she could inform him of Tyler's hostile and discriminatory treatment toward her, which had her scared, tearful, and distraught, but she was unable to locate anyone in management.

25. Because Plaintiff was being prevented from performing her job duties as a result of Tyler's and other Caucasian and/or non-Latina/non-Puerto Rican employees' hostile and discriminatory behavior toward her and could not find a member of management, she had no choice but to take a break and leave the store.

26. Shortly after taking a break and leaving the store, Plaintiff was able to reach Tastillo by phone and informed him that she was being prevented from performing her job duties because of Tyler's and other Caucasian and/or non-Latina/non-Puerto Rican employees' discriminatory and hostile behavior toward her.

27. Instead of informing Plaintiff that he would address Tyler's aforesaid discriminatory and retaliatory treatment toward her (*see* Paragraph 23, *supra*) or take remedial action, Tastillo treated Plaintiff as it were her fault, hostilely asking her "do you even want to work here anymore."  When Plaintiff replied that she wanted to keep her job, but wanted the discriminatory and harassing treatment to stop, Tastillo told her to come in the next morning, March 13, 2020, for a meeting with O'Malley.

28. When Plaintiff arrived to meet with O'Malley on or about March 13, 2020, O'Malley immediately and hostilely informed Plaintiff that she did not have time to meet with Plaintiff and she should just work the front-end area.

29. In response to O'Malley's directive to just "work the front-end area," Plaintiff reminded O'Malley that she had never been trained to work that area, but she was scheduled to work at 1 p.m. in the seafood department and could return then so that O'Malley did not have to train her for another area during busy morning hours.  However, Tastillo immediately came up to Plaintiff, stated "I don't have time for this," and told her to go home and call back on Monday, March 16, 2020, when Defendants would figure out where to "put" her.

30.     On or about called March 16, 2020, Plaintiff called O'Malley and left a message but she never returned Plaintiff's call.  Plaintiff continued to call in and leave messages on several occasions, but to date, no one from Defendants' management has returned Plaintiff's calls or provided her with a work schedule.  As a result, Plaintiff believes she has been terminated and/or constructively terminated as of March 13, 2020.

31.     Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated and/or constructively terminated because of her race and/or national origin and in retaliation for her addressing concerns of race and/or national origin discrimination.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race/National Origin Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

32.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.     During Plaintiff's employment with Defendants, she was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/or derogatory comments treatment because of her race and/or national origin and her complaints of race and/or national origin discrimination.

34.     Instead of thoroughly investigating Plaintiff's aforesaid complaints of race and/or national origin discrimination, Defendants' Caucasian and/or non-Latina/non-Puerto Rican management left her legitimate concerns unresolved, and subjected her to increased hostility and animosity (as discussed *supra*).

35.     On or about March 13, 2020, in close proximity to her most recent complaints of race and/or national origin discrimination and a hostile work environment to Defendants' Caucasian and/or non-Latina/non-Puerto Rican, Plaintiff was abruptly terminated.

36.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated and/or constructively terminated from her employment with Defendants because of her race and/or national origin and complaints of race and/or national origin discrimination.

37.     These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Title VII.

### COUNT II
### <u>Violations of 42 U.S.C. Section 1981</u>
### ([1] Race/National Origin Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     During Plaintiff's employment with Defendants, she was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/or derogatory comments treatment because of her race and/or national origin and her complaints of race and/or national origin discrimination.

40.     Instead of thoroughly investigating Plaintiff's aforesaid complaints of race and/or national origin discrimination, Defendants' Caucasian and/or non-Latina/non-Puerto Rican management left her legitimate concerns unresolved, and subjected her to increased hostility and animosity (as discussed *supra*).

41.     On or about March 13, 2020, in close proximity to her most recent complaints of race and/or national origin discrimination and a hostile work environment to Defendants' Caucasian and/or non-Latina/non-Puerto Rican, Plaintiff was abruptly terminated.

42.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated and/or constructively terminated from her employment with

Defendants because of her race and/or national origin and complaints of race and/or national origin discrimination.

43.     These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  June 19, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Alexiana Snyder | CIVIL ACTION |
| v. | |
| McMenamin Family Shoprite, Inc. d/b/a Shoprite, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X )

| | | |
|---|---|---|
| 6/19/2020 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __12542 Knights Terrace, Philadelphia, PA 19154__

Address of Defendant: __9910 Frankford Avenue, Philadelphia, PA 19114; 505 Division Street, Elizabeth, NJ 07201__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/19/2020__ _____ __ARK2484 / 91538__
                                    *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| | | |
|---|---|---|
| **A.** | ***Federal Question Cases:*** | **B.**   ***Diversity Jurisdiction Cases:*** |

**A.**   ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.**   ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__ , counsel of record *or* pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: __6/19/2020__ _____ __ARK2484 / 91538__
                                    *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SNYDER, ALEXIANA

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

MCMENAMIN FAMILY SHOPRITE, INC.
D/B/A SHOPRITE, ET AL.

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | **X** 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | **X** 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| **X** 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981, PHRA and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   **X** Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE   6/19/2020     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print     Save As...     Reset